Martinez, David, Bar No. 193183
DMartinez@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310-552-0130
Facsimile:   310-229-5800

Attorneys for Plaintiff
Insight Equity A.P. X, LP d/b/a Vision-Ease Lens

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Insight Equity A.P. X, LP d/b/a Vision-Ease Lens,<br><br>Plaintiff,<br><br>v.<br><br>Sumitomo Bakelite Co., Ltd.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff Insight Equity A.P. X, LP d/b/a Vision-Ease Lens ("Vision-Ease"), as and for its Complaint for patent infringement states and alleges as follows:

## INTRODUCTION

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., against Sumitomo Bakelite Co, Ltd. ("Sumitomo") for infringing United States Patent Nos. 5,827,614; 6,328,446; 7,048,997; and 6,814,896, owned by Vision-Ease.

## PARTIES

1. Plaintiff Vision-Ease is a Minnesota limited partnership with its principal place of business at 7000 Sunwood Drive NW Ramsey, Minnesota 55303.

2. Defendant Sumitomo Bakelite Co, Ltd. ("Sumitomo") is a Japanese company with its principal place of business at 5–8 Higashi-Shinagawa 2-chome, Shinagawa-Ku Tokyo, Japan 140–0002, and doing business throughout this judicial district and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this civil action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281–285.

4. This Court has personal jurisdiction over Sumitomo because it has committed acts giving rise to this action within California and within this judicial district and has established minimum contacts within this forum such that the exercise of personal jurisdiction over Sumitomo would not offend traditional notions of fair play and substantial justice.

5. Venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391 (b), (c), and 1400(b) because Sumitomo has committed acts within this judicial district giving rise to this action.

## BACKGROUND

6. Vision-Ease is engaged in the business of designing, manufacturing, and selling polymeric eye glass lenses.

7. On October 27, 1998, the United States Patent and Trademark office duly and legally issued United States Patent No. 5,827,614 entitled "Production of Optical Elements" ("the '614 Patent").

8. On December 11, 2001, The United States Patent and Trademark office duly and legally issued United States Patent No. 6,328,446 entitled "Production of Optical Elements" ("the '446 Patent"). On July 8, 2008, the United States Patent and Trademark Office affirmed the patentability of claims 4, and 9-27

84269141.1 - 2 - COMPLAINT FOR PATENT INFRINGEMENT

as well as the patentability of newly added claims 31-68. On May 7, 2002, Vision-Ease disclaimed Claims 1, 2, 3, 5, 6, 7, 8, 29 and 30 of the '446 Patent.

9. On May 23, 2006, The United States Patent and Trademark office duly and legally issued United States Patent No. 7,048,997 entitled "Production of Optical Elements" ("the '997 Patent").

10. On November 9, 2004, The United States Patent and Trademark office duly and legally issued United States Patent No. 6,814,896 entitled "Production of Optical Elements" ("the '896 Patent").

11. The '614, '446, '997, and '896 patents (collectively the "asserted patents") relate to molded ophthalmic lenses. The asserted patents claim valuable technology that has been recognized in the industry by, among other things, the taking of licenses to the patents by manufacturers and sellers in the industry.

12. Vision-Ease owns all rights, titles, and interests in the claims of the asserted patents. True and correct copies of asserted patents are attached hereto as Exhibits A-D.

13. Sumitomo has had notice, as of at least June 15, 2012, that Vision-Ease owns all rights, titles, and interests in the asserted patents, and that Sumitomo's manufacture of polarized films infringes these patents.

14. On information and belief, Sumitomo manufactures polarized films and has contributed to and/or induced the sale, import, manufacture, and/or use in this judicial district and elsewhere in the United States of injection molded ophthalmic lenses that directly infringe one or more of the claims of the asserted patents. On information and belief the Sumitomo polarizing films have properties that are copied from Vision-Ease's patented lenses. Sumitomo competes unfairly with Vision Ease and its licensees by competing directly with licensees of Vision Ease and attempting to undercut their prices. Sumitomo is able to try to undercut the licensees' prices in part because Sumitomo has refused to pay a license fee to Vision Ease for use of the patented technology.

15. On information and belief, the asserted patents are directly infringed by direct and indirect customers of Sumitomo who manufacture polarizing and/or photochromic eye glass lenses that directly infringe one or more claims of the asserted patents.

16. On information and belief, Sumitomo induces the infringement of the asserted patents as it specifically intends its sale, import, and/or manufacture of the polarizing films to be used for manufacturing that directly infringes the asserted patents. By way of example and without limitation, Sumitomo manufactures its polarizing films to specifications that have the specific material structure and properties required for the manufacture of infringing injection molded ophthalmic lenses. The material structure includes a laminate of polycarbonate-polarizing layer-polycarbonate in a specific arrangement and thicknesses that is suitable for use in manufacturing infringing injection molded ophthalmic lenses. Sumitomo sells such polarizing films into the United States including into this judicial district with the knowledge and intent that such films are uniquely suited to be used and that the films are in fact used to make infringing injection molded ophthalmic lenses, with knowledge and intent that such use and manufacture infringes one or more claims of the asserted patents.

17. On information and belief, Sumitomo contributes to the infringement of the asserted patents as it has knowledge that the polarizing films are especially adapted and used to infringe asserted patents, and the polarizing films are not a staple article or commodity of commerce suitable for substantial noninfringing use.

18. The infringement of the asserted patents has and will continue to cause Vision-Ease irreparable injury and damage unless Defendant Sumitomo is enjoined from its infringement.

/ / /

/ / /

/ / /

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 5,827,614

19. Vision-Ease restates and realleges the allegations set forth in the foregoing paragraphs and incorporates them by reference.

20. Sumitomo has infringed and continues to infringe the '614 patent by contributing to the infringement of the '614 patent and/or inducing others to infringe the '614 patent in this District and elsewhere in the United States.

21. Sumitomo does not have a license or permission to use the claimed subject matter in the '614 patent.

22. As a direct and proximate cause of Sumitomo's infringement of the '614 patent, Vision-Ease has been injured and has been caused significant financial damage.

23. Sumitomo's infringement has been and is willful.

24. Sumitomo will continue to infringe the '614 patent, and thus cause irreparable injury and damage to Vision-Ease, unless enjoined by this Court.

## COUNT II—INFRINGEMENT OF U.S. PATENT NO. 6,328,446

25. Vision-Ease restates and realleges the allegations set forth in the foregoing paragraphs and incorporates them by reference.

26. Sumitomo has infringed and continues to infringe the '446 patent by contributing to the infringement of the '446 patent and/or inducing others to infringe the '446 patent in this District and elsewhere in the United States.

27. Sumitomo does not have a license or permission to use the claimed subject matter in the '446 patent.

28. As a direct and proximate cause of Sumitomo's infringement of the '446 patent, Vision-Ease has been injured and has been caused significant financial damage.

29. Sumitomo's infringement has been and is willful.

///

30. Sumitomo will continue to infringe the '446 patent, and thus cause irreparable injury and damage to Vision-Ease, unless enjoined by this Court.

## COUNT III—INFRINGEMENT OF U.S. PATENT NO. 6,814,896

31. Vision-Ease restates and realleges the allegations set forth in the foregoing paragraphs and incorporates them by reference.

32. Sumitomo has infringed and continues to infringe the '896 patent by contributing to the infringement of the '896 patent and/or inducing others to infringe the '896 patent in this District and elsewhere in the United States.

33. Sumitomo does not have a license or permission to use the claimed subject matter in the '896 patent.

34. As a direct and proximate cause of Sumitomo's infringement of the '896 patent, Vision-Ease has been injured and has been caused significant financial damage.

35. Sumitomo's infringement has been and is willful.

36. Sumitomo will continue to infringe the '896 patent, and thus cause irreparable injury and damage to Vision-Ease, unless enjoined by this Court.

## COUNT IV—INFRINGEMENT OF U.S. PATENT NO. 7,048,997

37. Vision-Ease restates and realleges the allegations set forth in the foregoing paragraphs and incorporates them by reference.

38. Sumitomo has infringed and continues to infringe the '997 patent by contributing to the infringement of the '997 patent and/or inducing others to infringe the '997 patent in this District and elsewhere in the United States.

39. Sumitomo does not have a license or permission to use the claimed subject matter in the '997 patent.

/ / /

/ / /

40.  As a direct and proximate cause of Sumitomo's infringement of the '997 patent, Vision-Ease has been injured and has been caused significant financial damage.

41.  Sumitomo's infringement has been and is willful.

42.  Sumitomo will continue to infringe the '997 patent, and thus cause irreparable injury and damage to Vision-Ease, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vision-Ease prays for judgment as follows:

43.  An entry of judgment that Sumitomo has contributed to and/or induced the direct infringement of the '614, '446, '997, and '896 patents;

44.  An award of damages adequate to compensate Vision-Ease for Sumitomo's infringement of the '614, '446, '997, and '896 patents;

45.  A post-judgment equitable accounting of damages for the period of infringement of the '614, '446, '997, and '896 patents following the period of damages established by Vision-Ease at trial;

46.  An order enjoining Sumitomo from infringing the '614, '446, '997, and '896 patents;

47.  If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

48.  A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

49.  An award of prejudgment interest, costs and disbursements, and attorney fees; and

50.  Such other and further relief as the Court deems Vision-Ease may be entitled to in law and equity.

/ / /

/ / /

# DEMAND FOR JURY TRIAL

Plaintiff Vision-Ease hereby demands a trial by jury of all issues so triable.

DATED: October 17, 2013     **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ David Martinez
　　David Martinez

Attorneys for Plaintiff
Insight Equity A.P. X, LP d/b/a Vision-Ease Lens